UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DANTE MENESES,<br><br>                  Plaintiff,<br>   v.<br><br>CITIMORTGAGE, INC., et al.,<br><br>                  Defendants. | Case No. 5:11-CV-05227 EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE; DENYING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS**<br><br>[Re: Docket Item Nos. 5, 6, 10] |

## I. INTRODUCTION

Presently before the court are three motions filed by CitiMortgage, Inc. ("CMI") and CR Title Services, Inc. ("CR TITLE") (collectively, "Defendants"): (1) a Motion to Dismiss Plaintiff's Complaint; (2) a Motion to Strike the Complaint; and (3) a Motion to Expunge Lis Pendens. See Docket Item Nos. 5, 6, 10.

As it currently stands, federal jurisdiction arises pursuant to 28 U.S.C. §§ 1331 and 1332. Having reviewed the parties' submissions, the court found this matter appropriate for decision without oral argument and previously vacated the associated hearing date. Civil L.R. 7-1(b). For the reasons explained below, the Motion to Dismiss will be granted, while the Motion to Expunge Lis Pendens will be denied. The Motion to Strike will be denied as moot.

1

## II.  BACKGROUND

In the Complaint, the only specific factual allegations made by Plaintiff are that Plaintiff "is an individual residing at 5872 McGilvra Court, San Jose, CA, 95123, Santa Clara County at all times mentioned herein" (see Docket Item No. 1, Ex. A, at ¶ 1); that CMI "is a corporation doing business in California" (Id. at ¶ 2); that CR TITLE "is a corporation doing business in the state of California" (Id. at ¶ 3). Therefore, the court recounts the relevant facts mainly from judicially-noticeable documents.[1]

On or about January 3, 2005, a Grant Deed was recorded in the official records of Santa Clara County, California. See Docket Item No. 7-1, at 2-3. On or about December 21, 2004, Plaintiff obtained a loan from WMC Mortgage Corp. in the amount of $468,000 for the purchase of real property located at 5872 McGilvra Court, San Jose, CA. See Docket Item No. 7-1, at 6-7. This loan was secured by a Deed of Trust naming Westwood Associates as Trustee and Mortgage Electronic Registration Systems ("MERS") as the beneficiary. Id. at 6-16. On or about February 3, 2007, Plaintiff executed a Deed of Trust, securing a loan from Wells Fargo Bank, naming American Securities Company as Trustee. Id. at 55-56. On or about February 7, 2007, Plaintiff obtained a loan from Argent Mortgage Co. in the amount of $620,000. Id. at 35-36. This loan was secured by a Deed of Trust naming Town and Country Title Services as Trustee. Id. at 35-48.

Plaintiff defaulted on at least one of his loans at some point, although this information is not available to the court. On or about March 30, 2011, Plaintiff assigned the February 7, 2007 Deed of Trust to CMI. Id. at 59. On April 1, 2011, a Notice of Default and Election to Sell Under Deed of Trust from CMI was recorded. Id. at 62-64. On July 7, 2011, a Notice of Trustee's Sale was recorded. Id. at 66-67.

On September 28, 2011, Plaintiff filed a Complaint in the Superior Court of the state of California for the County of Santa Clara. See Docket Item No. 1, Ex. A. Defendants removed the

---

[1] The court may properly take judicial notice of facts which are "not subject to reasonable dispute" because they are generally known within the jurisdiction of the court or capable of verification by reliable sources. Fed. R. Evid. 201(b). Accordingly, the court GRANTS Defendants' request for Judicial Notice of Plaintiff's Grant Deed, four Deeds of Trust, an Assignment of Deed of Trust, Notice of Default, and Notice of Trustee's Sale. See Docket Item No. 7.

2
Case No. 5:11-CV-05227 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE; DENYING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS

1  action to this court on October 25, 2011 (see Docket Item No. 1) and subsequently filed motions to
2  dismiss and strike Plaintiff's Complaint (see Docket Item Nos. 5, 6). On November 14, 2011,
3  Defendants filed a motion to expunge lis pendens. See Docket Item No. 10.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Recitals of the elements of a cause of action and conclusory allegations are insufficient. Id.

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted). Moreover, the factual allegations "must be enough to raise a right to relief above the speculative level" such that the claim "is plausible on its face." Id. at 555, 570.

In considering the sufficiency of a claim, the court must accept as true all of the factual allegations contained in the complaint. Twombly, 550 U.S. at 555-56. The court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, the court is not required to accept as true legal conclusions cast in the form of factual allegations. Twombly, 550 U.S. at 555.

When deciding whether to grant a motion to dismiss, the court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, the court may consider material submitted as part of the complaint or relied upon in the complaint, and may also consider material subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688-69 (9th Cir. 2001).

If dismissal is granted under Rule 12(b)(6), leave to amend should be allowed unless the pleading could not possibly be cured by the allegation of other facts. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Vess, 317 F.3d at 1108. If amendment would be futile, however, a dismissal may be ordered with prejudice. Dumas v. Kipp, 90 F.3d 386, 393 (9th Cir. 1996).

## IV. DISCUSSION

Having reviewed Plaintiff's Complaint in its entirety, the court concludes that Plaintiff has failed to state a claim. Primarily, Plaintiff has not met the pleading standard required by Federal Rule of Civil Procedure 8 because the Complaint fails to provide sufficient factual information or present information in a meaningful way. In the Complaint, the only specific factual allegations made by Plaintiff are that Plaintiff "is an individual residing at 5872 McGilvra Court, San Jose, CA, 95123, Santa Clara County at all times mentioned herein" (see Docket Item No. 1-1, at ¶ 1); that CMI "is a corporation doing business in California" (Id. at 2); and that CR TITLE "is a corporation doing business in the state of California" (Id. at 3). As such, the Complaint does not provide sufficient information to ascertain the basis of Plaintiff's claim against Defendants.

"A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984) (internal quotations omitted). Plaintiff has missed this mark, even under a liberal reading of the Complaint.

Because Plaintiff has failed to allege sufficient facts to state a claim, all of Plaintiff's claims will be dismissed.

## V. CONCLUSION

Based on the foregoing, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Complaint shall be DISMISSED WITH LEAVE TO AMEND. Any amended complaint must be

filed within thirty days of the date this order is filed.  Accordingly, Defendants' Motion to Strike is DENIED AS MOOT.

Since Plaintiff's Complaint is dismissed with leave to amend, Defendants' Motion to Expunge Lis Pendens is DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated:  April 24, 2012


EDWARD J. DAVILA
United States District Judge

Case No. 5:11-CV-05227 EJD
ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DENYING AS MOOT DEFENDANTS' MOTION TO STRIKE; DENYING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS